OPINION OF THE COURT
Herman Cahn, J.
Defendant was indicted for criminal possession of a weapon *1063 in the third degree. He moves, pursuant to CPL 210.20, for inspection of the Grand Jury minutes and dismissal of the indictment. Defendant’s motion is granted, and the indictment dismissed, with leave given the People to resubmit if they so desire.
The transcript of the Grand Jury proceedings reveals that during the presentation to the Grand Jury, a grand juror asked a question regarding the circumstances surrounding the search of defendant (and subsequent recovery of a gun). The Assistant District Attorney refused to answer the question: "That is an issue, if anything, to be litigated at a hearing prior to trial.”
The Assistant District Attorney was without authority to limit the questioning of the witness by the Grand Jury, thereby effectively controlling the information received by it before its vote.
The issue raised here is basically one, of the power and independence of the Grand Jury.
The Grand Jury’s power is derived from the NY Constitution, article I, § 6. As often said, the Grand Jury acts as a shield and as a sword, playing a critical investigatory role in the criminal justice system. Its primary function is to investigate crimes, although this power is not unlimited. (Matter of Stem v Morgenthau, 62 NY2d 331.)
The Assistant District Attorney is one of the legal advisors to the Grand Jury (CPL 190.25 [6]). However, the Grand Jury has substantial powers independent of its legal advisors. Thus, it has the specific power to cause witnesses to be called. (CPL 190.50 [3].)
That the Legislature intended the Grand Jury to maintain independence is evidenced by the many sections governing Grand Jury proceedings. The Grand Jury determines for which crimes to indict a defendant, unlimited by those actually presented to it. (CPL 190.65 [2].) The Grand Jury may call any person believed by it to possess relevant information, and it may direct the District Attorney to call such person. (CPL 190.50 [3].) These powers would be illusory if a District Attorney were able to sift through a grand juror’s questions before presenting them to witnesses.
The court notes its awareness that the issue of admissibility is not litigated before the Grand Jury. (CPL 190.30 [5], [6].) However, that does not mean grand jurors are precluded from asking questions regarding the search and arrest of a defen *1064 dant. Furthermore, the question asked in this case was most likely pointed towards a more fully developed understanding of the case, not at whether the police involved acted within their authority.
The Assistant District Attorney improperly foreclosed questioning on relevant information (CPL 190.30 [1]), and as such, was acting without authority. (See, People v Rubin, 77 AD2d 578.)
Motion is granted, with leave given the People to resubmit.